IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-346-BO

| | |
|---|---|
| DEBORAH FERRUCCIO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TARE DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's motions to compel discovery pursuant to Fed. R. Civ. P. 37 [DE ##28, 41]. Defendant has responded in opposition to both motions [DE ##29, 43]. These matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) for disposition. For the reasons stated below, Plaintiff's motions to compel are denied.

## BACKGROUND

Plaintiff filed her initial complaint on August 8, 2019, and an amended complaint on October 24, 2019. (Compl. [DE #1]; Am. Compl. [DE #16].) Roughly, Plaintiff's lawsuit involves a claim under 42 U.S.C. § 1983 regarding a county noise ordinance. (*See generally* Am. Compl.) Pursuant to the court's scheduling order, discovery closed on May 15, 2020, and potentially dispositive motions were due on June 15, 2020. (Scheduling Order [DE #26].)

Plaintiff's first motion to compel requests an order compelling Defendants to provide a response to Plaintiff's interrogatories numbered two and three. (First Mot. Compel [DE #28].) Defendants have responded in opposition. (Resp. Opp'n First Mot. Compel [DE #29].)

Plaintiff's second motion to compel, to which Defendants have responded in opposition, requests an order compelling Defendants to respond to discovery requests Plaintiff propounded on Defendants on May 10, 2020, via email, and which were physically served on Defendants on either May 11 or May 14, 2020.[1] (Second Mot. Compel [DE #41]; Resp. Opp'n Second Mot. Compel [DE #43].)

## DISCUSSION

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevance "has been broadly construed to encompass 'any possibility' that the information sought may be relevant to the claim or defense of any party," and the burden rests on the party resisting discovery to demonstrate that

---

[1] Plaintiff states that the hard copy of these discovery requests was delivered on Monday, May 11, 2020. (Second Mot. Compel at 1.) However, Defendants contend they did not receive the hard copy until Thursday, May 14, 2020. (Resp. Opp'n Mot. Compel at 2.) Neither party has included document tracking information from which it could be determined when delivery actually occurred.

discovery should not be had. *EEOC v. Sheffield Fin., LLC*, No. 1:06-CV-00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007).

Rule 26 requires the court to limit the frequency or extent of discovery if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or the discovery sought is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C). The rule also authorizes the court to impose appropriate limitations on discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such protective orders may include, *inter alia*, provisions "forbidding the disclosure or discovery," "prescribing a discovery method other than the one selected by the party seeking discovery," or "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (c)(1)(C), (c)(1)(D).

Federal Rule of Civil Procedure 33 allows a party to serve an interrogatory that "asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). "This type of request, known as a contention interrogatory, asks a party to do one or more of the following: '(1) state its contentions or clarify whether it is making a contention, (2) articulate the facts underlying a contention, (3) assert a position or explain that position in relation to how the law applies to facts, and (4) explain the legal or theoretical basis behind a contention.'" *Johnson v. N.C.*

3

*Dep't of Justice*, No. 5:16-CV-679-FL, 2018 WL 5831997, at *7 (E.D.N.C. Nov. 7, 2018) (quoting *Capacchione v. Charlotte-Mecklenburg Sch.*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)). However, interrogatories that "call for pure legal conclusions" are improper. *Gingerich v. City of Elkhart Prob. Dep't*, 273 F.R.D. 532, 537 (N.D. Ind. 2011); *see also United States v. Boyce*, 148 F. Supp. 2d 1069, 1086 (S.D. Cali. 2001), *aff'd*, 36 F. F. App'x 612 (9th Cir. 2002) (per curiam) (unpublished); 8B Wright & Miller, Fed. Prac. & Proc. § 2167 (3d ed. Oct. 2020 update).

Rule 37 permits a party to move to compel cooperation with discovery requests so long as that party certifies that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The local rules of this district similarly require that counsel "certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civil Rule 7.1.(c)(2); *see generally Boykin Anchor Co., Inc. v. Wong*, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under federal and local rules). "The party resisting discovery bears the burden of showing why [the motion to compel] should not be granted." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 241 (E.D.N.C. 2010). "To meet this burden, the non-moving party 'must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law.'" *Johnson*, 2018 WL 5831997, at *5 (quoting *Mainstreet Collection*, 270 F.R.D. at 241). "[T]he court has 'substantial discretion' to grant or deny motions

4

to compel discovery." *English v. Johns*, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

I.  **First Motion to Compel**

Plaintiff's First Motion to Compel seeks to compel a response from Defendants to the interrogatories number two and three. Interrogatory Two requests that Defendants "provide the legal basis and documentation supporting the [] assertion that plaintiff's claims are[] 'barred by all applicable immunity doctrines." (First Mot. Compel at 2.) Interrogatory Three requests that Defendants "provide the legal basis and documentation supporting the [] assertion that[] 'Plaintiff's claims are barred by the applicable statute of limitations." (*Id.* at 3.)

Plaintiff argues that these are contention interrogatories "since they request . . . the facts and circumstances which the defense contends supports its legal position." (*Id.* at 4.) Plaintiff has clarified that she is "simply request[ing] the Defense [] provide the relevant law/statute/citation" which would support Defendants' argument that Plaintiff's claims are barred by immunity doctrines and a statute of limitations. (*Id.*) Plaintiff states that her use of "documentation" in the aforementioned interrogatories refers "only to any citation, law, rule, or [statute] that granted immunity to the Defendants." (*Id.* at 2.)

In response, Defendants contend that the aforementioned interrogatories are not contention interrogatories because they seek statements of "pure law." (Resp. Opp'n First Mot. Compel at 4.) Furthermore, because the interrogatories seek

5

statements of pure law, they seek information protected as attorney work product. (*Id.* at 5–6.)

Here, Plaintiff has made clear that her motion is designed to compel Defendants to state the particular legal authorities which support their position regarding their defenses of immunity and statute of limitations. Defendants' contention that Plaintiff's claims are barred by these theories has been made clear to Plaintiff. Through these interrogatories, Plaintiff is asking that Defendants tell her what legal authorities support their arguments. Defendants are not required to do Plaintiff's legal research for her. *See Gilmore v. City of Minneapolis*, Civil No. 0:13-CV-1019-JRT-FLN, 2014 WL 4722488, at *6 (D. Minn. Sept. 22, 2014) (requiring a party "to produce relevant legal authorities goes beyond the permissible scope of a contention interrogatory and constitutes protected work product"); *Gingerich*, 273 F.R.D. at 537 (interrogatory was improper where it effectively asked the opposing party to specify whether the proper party had been named). Thus, Interrogatories Two and Three are not proper contention interrogatories and improperly seek attorney work product. Accordingly, Plaintiff's First Motion to Compel is denied.

## II. Second Motion to Compel

Plaintiff's Second Motion to Compel concerns discovery requests she propounded on Defendants via email on May 10, 2014, and a few days later via hard

6

Case 5:19-cv-00346-BO   Document 46   Filed 11/13/20   Page 6 of 9

copy. These discovery requests included requests to produce documents, interrogatories, and requests for admission.[2]

Defendants contend that Plaintiff's motion should be denied because (1) the discovery requests were untimely, (2) Plaintiff failed certify that she and Defendants engaged in a good faith effort to resolve the discovery dispute before filing the motion to compel, and (3) the discovery requests are "irrelevant, cumulative, and [] fall outside the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure." (Resp. Opp'n Second Mot. Compel at 2–4.)

Under the Federal Rules of Civil Procedure, a party has thirty days to respond after being served with a request for admission, a request for production, or an interrogatory. Fed. R. Civ. P. 33(b)(2) (interrogatories), 34(b)(2)(A) (productions), 36(a)(3) (admissions).

On December 17, 2019, the court issued a scheduling order which stated, among other things, that "discovery shall be commenced in time to be completed by 15 May 2020." (Scheduling Order at 1.) The order expressly "cautioned [the parties] not to be dilatory in pursuing discovery." (*Id.* at 2.)

Here, Plaintiff sent her discovery requests via email on May 10, 2020. The requests were delivered to Defendants some time between May 11 and May 14, 2020.

---

[2] Plaintiff's exhibits to her motion do not appear to contain the complete set of discovery requests. (*See* Second Mot. Compel., Exs. 4–5 [DE ##41-4, 41-5].) However, Defendants have attached their responses to Plaintiff's discovery requests as exhibits, which incorporate Plaintiff's requests. (Resp. Opp'n Second Mot. Compel, Exs. 1–3 [DE ##43-1, 43-2, 43-3].) Accordingly, the court finds that there is no dispute that Defendants received the complete set of Plaintiff's discovery requests that are at issue in the present motion.

7

Propounding discovery requests with five days or less before the discovery deadline did not leave adequate time for discovery *to be completed* by the May 15 deadline. While Plaintiff's discovery requests were served before the close of discovery, they are untimely because they did not allow for a response before the discovery deadline. *See Patten v. Hall*, No. 5:15-CT-3118-FL, 2017 WL 6062258, at *11 (E.D.N.C. Dec. 7, 2017) ("Thus, while a discovery request might be served prior to the close of discovery, it is untimely if it does not allow for a response prior to the discovery deadline.").

Furthermore, Plaintiff's motion does not certify that she engaged in a good faith effort with Defendants' counsel to resolve the discovery dispute before filing the motion to compel. This is a violation of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.1(c)(2).

Plaintiff has offered no justification for why she served her discovery requests so late and has offered no justification for her failure to certify that she engaged in good faith to resolve the discovery dispute with opposing counsel before filing the instant motion to compel. Her pro se status alone cannot provide such justification. *See Hanson v. Owens*, No. 5:14-CT-3078-D, 2015 WL 13214282, at *1–2 (E.D.N.C. Oct. 16, 2015).

In its discretion, the court denies Plaintiff's Second Motion to Compel because it is untimely and because it fails to meet the requirements of Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 7.1(c)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff's motions to compel [DE ##28, 41] are DENIED.

This 13th day of November 2020.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge