IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-346-BO

DEBORAH FERRUCCIO, )
)
Plaintiff, )
)
v. ) O R D E R
)
TARE DAVIS, in his capacity as )
Chairperson of the Warren County Board of )
Commissioners, and WARREN COUNTY, )
)
Defendants. )

This cause comes before the Court on defendants' motion for summary judgment and plaintiff's motions for leave to file a video exhibit and for a status conference. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the following reasons, defendants' motion for summary judgment is granted and the remaining motions are denied as moot.

BACKGROUND

Plaintiff, proceeding in this action *pro se*, challenges Warren County's January 3, 2011 passage of an ordinance that regulates noise within the county. The noise ordinance at issue, Warren County, North Carolina, Municipal Code §§ 91.01–91.13 (herein after Noise Ordinance) contains restrictions on levels of sound which emanate from properties within Warren County's jurisdiction. The Noise Ordinance contains limited exceptions for High Impact Land Use (HILU) properties, which includes swine farms, waste processing facilities, and, at issue here, drag-strips

or racetracks. The Noise Ordinance HILU exceptions allow these types of properties to exceed the comprehensive noise level restrictions during certain daytime hours.[1] Noise Ordinance § 91.07(e).

Plaintiff owns property in Warren County located at 297 Davis Hymn Road in Norlina. Her home is located in the woods approximately a mile off of the paved road. Her nearest neighbor is more than a half-mile away. Plaintiff purchased her home in 1977 and has enjoyed its tranquil setting. Plaintiff was entertaining family members at her home on Sunday, November 3, 2017, when she heard loud, persistent noises from another property a few hundred feet from her property line. Plaintiff discovered that a neighboring tract of undeveloped property had been turned into Country Boys Racing and ATV and Recreation Park (Country Boys Racing). Plaintiff claims that her tranquil home became subjected to the whims of this business, which on any given day amassed as many as three hundred spectators to watch as many as fifty racing participants.

Plaintiff alleges that when Warren County approved its Noise Ordinance in 2011, it showed deliberate indifference to the safety and welfare of its citizens by classifying drag racing operations as a HILU and exempting all HILUs from the noise regulations developed throughout the ordinance. Plaintiff alleges claims under 42 U.S.C. § 1983 and asks that the Court find Section 7: Nuisance & Noise Pollution – E Exemptions (18) of the Warren County Ordinance for the Regulation of Sound Crossing Real Property Boundaries Including High Impact Land Uses & Polluting Industries to be unconstitutional under the due process clause of the United States Constitution and to award plaintiff reasonable attorney fees. Plaintiff alleges that she has suffered the following injuries: deprivation of the enjoyment and use of her property since the drag-racing operation began; loss of her feeling of safety on her property; loss of income from tutoring due to the noise from the drag-racing operation; a reduction in tax valuation of her property due to

---

[1] 8:00 a.m.–10:00 p.m. Mondays through Thursdays; 8:00 a.m.–11:00 p.m. on Fridays; 9:00 a.m.–11:00 p.m. on Saturdays; and 10:00 a.m.–9:00 p.m. on Sundays. Noise Ordinance § 91.03.

2

"obstruction of the road;" and alienation from her daughter and grandchildren, who were frightened and emotionally disturbed by the noises emanating from the drag-race operation.

DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The defendants first argue that plaintiff's challenge to the Noise Ordinance is barred by the statute of limitations. The statute of limitations for plaintiff's claim under 42 U.S.C. § 1983 is three years. *See Nat'l Advert. Co. v. City of Raleigh*, 947 F.2d 1158, 1161–62 (4th Cir. 1991). It is undisputed that the Noise Ordinance was passed January 3, 2011. Plaintiff's complaint was filed

3

August 8, 2019, significantly longer than three years after the passage of the ordinance. "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza Properties X, Ltd. v. Cty. of Santa Cruz*, 936 F.2d 1084, 1086 (9th Cir. 1991) (citations omitted). The Court must determine whether the statute of limitations began to run in January 2011 when the Noise Ordinance was passed.

Plaintiff argues that her claim that the Noise Ordinance is not restrictive enough did not accrue until Country Boys Racing began operating and relies on November 3, 2017, as the date she first experienced the offending noise and thus as the date her claim accrued. However, the statute of limitations begins to run when an ordinance interferes in a "clear, concrete fashion" with the property's use is enacted. *Nat'l Advert. Co.*, 947 F.2d at 1163. In this case, the "regulatory interference" with the use of her property occurred when the Noise Ordinance was enacted in 2011. *Id.*; *Whitehead Assocs. v. Montgomery County Council*, No. 98-2716, 2000 U.S. App. LEXIS 453 (4th Cir. Jan. 13, 2000) (stating that "if the owners 'suffered regulatory interference' with their property interests, it was in 1992 when the amortization period was enacted, not in 1997 when the amortization period expired"). The ordinance plaintiff challenges has remained unchanged since its passage in 2011, and Warren County's conduct also has also not changed after the passage of the Noise Ordinance. *See De Anza Properties*, 936 F.2d at 1086 (examining the action of the local government in determining what gave rise to the cause of action).

Accordingly, plaintiff's claims accrued in 2011 and are thus barred by the applicable statute of limitations.

4

## CONCLUSION

Defendants' motion for summary judgment [DE 31] is GRANTED as plaintiff's claim is barred by the statute of limitations. Plaintiff's motion to file video exhibit [DE 40] and motion for a status conference [DE 44] are therefore DENIED as MOOT.

SO ORDERED, this 20 day of December, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE