IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-346-BO

| | | |
|---|---|---|
| DEBORAH FERRUCCIO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TARE DAVIS, in his official capacity as | ) | |
| Chairperson, Warren County Board of | ) | |
| Commissioners, and WARREN COUNTY, | ) | |
| NC, | ) | |
|     Defendants. | ) | |

This cause comes before the Court on defendants' renewed motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has responded, defendants have replied, and plaintiff has filed a sur-reply, which defendants have moved to strike and plaintiff has sought leave to file. A hearing on the motions was held before the undersigned on June 2, 2023, at Raleigh, North Carolina. In this posture, the motions are ripe for ruling. For the reasons that follow, plaintiff's sur-reply is stricken and defendants' motion for summary judgment is granted.

BACKGROUND

Plaintiff, proceeding in this action *pro se*, challenges Warren County's January 3, 2011, passage of an ordinance that regulates noise within the county. The noise ordinance at issue, Warren County, North Carolina, Municipal Code §§ 91.01–91.13 (herein after Noise Ordinance) contains restrictions on levels of sound which emanate from properties within Warren County's jurisdiction. The Noise Ordinance contains limited exceptions for High Impact Land Use (HILU)

properties, which include swine farms, waste processing facilities, and, at issue here, drag-strips or racetracks. The Noise Ordinance HILU exceptions allow these types of properties to exceed the comprehensive noise level restrictions during certain daytime hours.[1] Noise Ordinance § 91.07(e).

Plaintiff owns property in Warren County located at 297 Davis Hymn Road in Norlina. Her home is located in the woods approximately a mile off of the paved road. Her nearest neighbor is more than a half-mile away. Plaintiff purchased her home on Davis Hymn Road in 1977 and has enjoyed its tranquil setting. Plaintiff was entertaining family members at her home on Sunday, November 3, 2017, when she heard loud, persistent noises from another property a few hundred feet from her property line. Plaintiff discovered that a neighboring tract of undeveloped property had been turned into Country Boys Racing and ATV and Recreation Park (Country Boys Racing). Plaintiff claims that her tranquil home became subjected to the whims of this business, which on any given day amassed as many as three hundred spectators to watch as many as fifty racing participants.

Plaintiff alleges that when Warren County approved its Noise Ordinance in 2011, it showed deliberate indifference to the safety and welfare of its citizens by classifying drag racing and racetrack operations as HILUs and exempting all HILUs from the noise regulations developed throughout the ordinance. Plaintiff alleges claims under 42 U.S.C. § 1983 and asks that the Court find Section 7: Nuisance & Noise Pollution – E Exemptions (18) of the Warren County Ordinance for the Regulation of Sound Crossing Real Property Boundaries Including High Impact Land Uses & Polluting Industries to be unconstitutional under the Due Process Clause of the United States Constitution and to award plaintiff reasonable attorney fees. Plaintiff alleges that she has suffered the following injuries: deprivation of the enjoyment and use of her property since the drag-racing

---

[1] 8:00 a.m.–10:00 p.m. Mondays through Thursdays; 8:00 a.m.–11:00 p.m. on Fridays; 9:00 a.m.–11:00 p.m. on Saturdays; and 10:00 a.m.–9:00 p.m. on Sundays. Noise Ordinance § 91.03.

2

operation began; loss of her feeling of safety on her property; loss of income from tutoring due to the noise from the drag-racing operation; a reduction in tax valuation of her property due to "obstruction of the road;" and alienation from her daughter and grandchildren, who were frightened and emotionally disturbed by the noises emanating from the drag-race operation.

This Court previously granted summary judgment to defendants, finding plaintiff's claims were time-barred. Plaintiff appealed, and the court of appeals vacated this Court's decision and remanded for further proceedings. The court of appeals held that plaintiff's claims were timely, but "express[ed] no opinion on the merits of Ferruccio's claims." [DE 52 p. 3]. Following remand, this Court permitted defendants an opportunity to renew any bases for summary judgment not previously addressed. Defendants have done so, and the motion is ripe for review.

## DISCUSSION

I. Motion to strike and motion for leave to file.

Defendants have moved to strike plaintiff's sur-reply to its motion for summary judgment. Neither the Federal Rules nor this Court's Local Civil Rules provide for the filing of surreplies. "Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010).

Plaintiff has not responded to defendants' motion to strike but has filed a motion for leave to file a surreply. In her motion, plaintiff contends that her surreply addresses arguments made for the first time in defendants' reply brief, and she has attached as her proposed surreply the surreply she filed on February 13, 2023. In her motion, however, plaintiff does not identify any new argument raised by defendants in their reply. The Court's review of the filings confirms defendants' position that no new cases have been cited or arguments raised in their reply.

3

Accordingly, the Court denies plaintiff's motion for leave and grants defendants' motion to strike plaintiff's surreply.

II. Motion for summary judgment.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. . . . and [a] fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotations and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

At the outset, the Court notes that plaintiff concedes that her claims against Mr. Davis in his official capacity are duplicative of her claims against Warren County. They are, therefore, appropriately dismissed.

42 U.S.C. § 1983 provides a cause of action for alleged constitutional violations. To establish a claim, plaintiff must prove that one of her rights, secured by the Constitution or laws of the United States, has been violated, and that the violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that the Noise Ordinance exemption which permitted Country Boys Racing to operate near her home denied plaintiff the due process rights of life, liberty, or property.[2]

The substantive component of the Due Process Clause of the Fourteenth Amendment "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997).

> But nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means. . . . Consistent with these principles, our cases have recognized that the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual.

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 – 96 (1989). In light of the Supreme Court's holding in *Deshaney*, courts have held that "[a] § 1983 action is not a substitute forum for the . . . administration of [a] noise ordinance." *Citizen's Assoc. of Portland v. Int'l Raceways, Inc.*, 833 F.2d 760, 761 (9th Cir. 1987); *see also Devaney v. Kilmartin*, 88 F. Supp. 3d 34, 57 (D.R.I. 2014) ("it is well settled that a due process claim cannot be based simply on a town's

---

[2] Because plaintiff does not complain about the procedures in place for the adoption of the Noise Ordinance, the Court construes her due process claim as a substantive rather than procedural due process claim.

refusal to enforce an ordinance."). Because defendants have no constitutional obligation to enact a noise ordinance or enforce it in a particular way, plaintiff's due process claim fails.

In her opposition to defendants' motion, plaintiff argues that the state-created danger exception recognized implicitly in *Deshaney* applies to this case. However, in this circuit, the state-created danger exception has not since 1995 been recognized in a published opinion, and the circuit court has repeatedly held that it is a narrow exception requiring a high bar to demonstrate. *Callahan v. N.C. Dep't of Pub. Safety*, 18 F.4th 142, 147 (4th Cir. 2021). In the only case of which this Court is aware addressing the state-created danger doctrine in the context of a noise ordinance, the court, after exhaustively reviewing the relevant case law, held the exception to be inapplicable to a noise ordinance challenge, noting that "noise . . . is a far cry from the type of harm ordinarily at issue in state-created danger cases." *Citizens Accord, Inc. v. Town of Rochester*, 98-CV-0715, 2000 U.S. Dist. LEXIS 4844, at *76 (N.D.N.Y. Apr. 18, 2000). The Court has been presented with no evidence or argument which would convince it to hold differently here.

Moreover, generally applicable ordinances such as the Noise Ordinance at issue in this case will "survive substantive due process challenges unless they are 'clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.'" *A Helping Hand, LLC v. Balt. Cty.*, 515 F.3d 356, 372 (4th Cir. 2008) (citation omitted). In other words, where a fundamental right is not implicated, rational basis review applies. *Capital Associated Indus. v. Stein*, 922 F.3d 198, 210 (4th Cir. 2019).

"There is . . . no fundamental right in modern society to be free from increased traffic, noise or an incursion on open space." *Stop-Save Twp. Open Places, Inc. v. Bd. of Sup'rs of Montgomery Twp.*, No. CIV. A. 96-7325, 1996 WL 663875, at *4 (E.D. Pa. Nov. 15, 1996). Accordingly, rational basis review applies. Though plaintiff argues that Country Boys Racing did not include

6

the promotion of tourism in its documents filed with the Secretary of State, it is otherwise undisputed that racetracks such as that operated by Country Boys Racing promote recreational activities and motorsports in Warren County and bring in revenue which benefits the county. [DE 34-2] Steverson, R. Aff. ¶ 7. This is sufficient to survive rational basis review. *See, e.g., F.C.C. v. Beach Commc'ns*, 508 U.S. 307, 315 (1993) (rational basis review requires attacker to "'negative every conceivable basis which might support'" legislation) (citation omitted); *Toback v. City of Long Beach*, 948 F. Supp. 167, 175 (E.D.N.Y. 1996) ("promotion of tourism or recreation is a legitimate government interest").

Plaintiff's equal protection claim fails for similar reasons. Plaintiff claims that the Noise Ordinance deprives her of her constitutional right to equal protection of her life, liberty, and property. The Equal Protection Clause of the Fourteenth Amendment "requires that similarly-situated individuals be treated alike." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). It "prohibit[s] any state from denying a person equal protection through the enactment, administration, or enforcement of its laws and regulations." *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 818–19 (4th Cir. 1995). As concerns the enactment of the Noise Ordinance,

> [l]aws are presumed to be constitutional under the equal protection clause for the simple reason that classification is the very essence of the art of legislation. As such, the challenged classification need only be rationally related to a legitimate state interest unless it violates a fundamental right or is drawn upon a suspect classification such as race, religion, or gender.

*Giarratano* at 303 (cleaned up). As discussed above, the Noise Ordinance does not implicate a fundamental right nor is it based on a suspect class. Thus, it is subject to rational basis review which, based upon the evidence in the record, it satisfies.

Additionally, plaintiff has not alleged or created a genuine issue of material fact as to whether she has been treated differently from others or that the Noise Ordinance has been

7

discriminatorily enforced. Because the noise from the neighboring racetrack "ha[s] been uniformly borne by all residents who live near the [racetrack] regardless of race, color, creed, national origin, religious belief, gender, town of residency, participation in any groups . . ., or any other reason," plaintiff's equal protection claim fails. *Citizens Accord, Inc. v. Town of Rochester*, 98-CV-0715, 2000 U.S. Dist. LEXIS 4844, at *82-83 (N.D.N.Y. Apr. 18, 2000).

Although plaintiff does not explicitly allege claim under the Takings Clause of the Fifth Amendment, to the extent that she intends to raise such a claim, it too fails at this stage.

> [T]hough the classic taking is a transfer of property to the State or to another private party by eminent domain, the Takings Clause applies to other state actions that achieve the same thing. Thus, when the government uses its own property in such a way that it destroys private property, it has taken that property. Similarly, our doctrine of regulatory takings aims to identify regulatory actions that are functionally equivalent to the classic taking. Thus, it is a taking when a state regulation forces a property owner to submit to a *permanent physical occupation*, or deprives him of *all economically beneficial use of his property* . . ..

*Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot.*, 560 U.S. 702, 713 (2010) (emphasis added) (internal quotations and citations omitted). The Court has been presented with no case which has held that periodic exposure to noise amounts to "permanent physical occupation," but it has been presented with several cases holding that periodic noise, even from a nearby racetrack, does not amount to a taking. *See Citizen's Ass'n of Portland*, 833 F.2d at 762; *Citizens Accord, Inc.* 2000 U.S. Dist. LEXIS 4844, at *33 ("insufficient proof of permanence" based upon noise from racetrack).

Plaintiff has presented evidence that her property value has been diminished by $2,000, due to an obstruction in the roadway, not the noise from racetrack. In any event, such a reduction is not sufficient for a takings claim, which requires "more than diminution in property value, standing alone, [to] establish a 'taking[.]'" *Penn Cent. Transp. Co. v. New York City*, 438 U.S. 104,

8

131 (1978). Summary judgment is therefore appropriate on plaintiff's takings claim, to the extent one has been alleged.

In sum, plaintiff seeks to hold Warren County liable for noise made by a private party on a neighboring parcel of land. But she has no constitutional or statutory right to be free from excessive noise, nor can she compel Warren County through litigation to enact a noise ordinance which would prevent the operation of a racetrack near her home. *See Citizen's Assoc. of Portland,* 833 F.2d at 762 ("burden some property owners must bear [due to noise ordinance] is better left to be resolved by the democratic process."). As demonstrated in defendants' briefing, [DE 63 pp. 2-3], the weight of the case law has not found due process, equal protection, or takings claims appropriate in the noise ordinance context, and plaintiff has proffered no evidence or forecast of evidence which would create a genuine issue of material fact as to any of her claims. The Court thus concludes that defendants are entitled to summary judgment as a matter of law.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to strike [DE 65] is GRANTED and plaintiff's motion for leave to file a surreply [DE 67] is DENIED. Defendants' renewed motion for summary judgment [DE 60] is GRANTED. The clerk is DIRECTED to enter judgment in favor of defendants on all claims and close this case.

SO ORDERED, this __9__ day of June 2023.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE